| | | |
|---|---|---|
| In re: | : | **Chapter 13** |
| | : | |
| **Kevin L. Ball and Mindy Sue Ball,** | : | **Case No. 5:23-bk-01281-MJC** |
| | : | |
| **Debtors.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# O R D E R

**AND NOW**, upon consideration of the Application of Attorney for Chapter 13 Debtors for Compensation and Reimbursement of Expenses filed on January 10, 2025 ("Application"), Doc. 57, filed by Mr. Carlo Sabatini, Esquire as Counsel for the Debtors ("Applicant"), in which the Applicant requested interim allowance of compensation in the amount of $9,301.25[1] and the reimbursement of expenses in the amount of $756.66 for the period June 4, 2023 to June 19, 2024, and the Chapter 13 Trustee's Objection to the Application filed January 31, 2025 ("Objection"), Doc. 58, and the Stipulation Resolving the Objection to Application for Compensation and Expenses, ("Stipulation"), Doc. 60;[2]

**AND**, the Court having held a hearing on the Application on February 11, 2025 ("February 11 Hearing");

**AND**, based on Debtors' Schedules filed in this case, both Debtors are employed with a total net monthly income of $9,660.83, monthly expenses of $7,077.36, leaving a monthly net income of $2,583.47. Doc. 1 (Schedules I and J). The monthly payment provided under the

---

[1] The Application lists 42.6 hours, prior to any discounts, billed to this consumer Chapter 13 case thus far. Mr. Sabatini's time alone totaled 21.6 hours billed at $415.00 per hour. There are approximately fifteen (15) total hours entered prior to the petition being filed. This Application is identified as interim and as such, Applicant could seek payment of additional sums.

[2] The Court appreciates the Trustee's obligation to identify improper or excessive billing entries by the Applicant and the Applicant's agreement to settle the disputes with a $1,501.25 reduction in the fee award. However, the Court did not find that reduction to be sufficient following a review of the record.

Debtors' sixty (60) month Chapter 13 Plan is $2,575.00 for a total Plan payment of $154,500.00 representing a 100% dividend to general unsecured creditors. Doc. 6. The Plan was confirmed by Order entered September 21, 2023. Doc. 35;

**AND**, a Motion to Modify the Confirmed Plan was filed on April 24, 2024. Doc. 51. The Motion to Modify the Confirmed Plan resolved the Motion for Relief from Stay by Santander Consumer USA ("Stay Relief Motion") and addressed a small post-petition mortgage arrearage claim in the amount of $1,438.41. *Id*., Doc. 42;

**AND**, upon a thorough review of the case docket and the Applicant's submissions, the Court finding that this case is a standard Chapter 13 case with a moderate amount of post-filing work that merited additional compensation to Counsel;[3]

**AND**, during the February 11 Hearing, the Court questioned Mr. Sabatini with regard to the large fee application in this case. Applicant responded that "there are a few things that, well, none of them were extremely unusual or uncomplicated or complicated. They are things that do not necessarily happen in every case." Audio of February 11 Hearing at 11:22 A.M.;[4]

**AND**, a reduction in the amount of allowed compensation is necessary due to charges for services that are non-billable administrative tasks, paralegal or secretarial duties that should have been billed at non-attorney rates, and for excessive time billed for certain tasks;

---

[3] During the February 11 Hearing, Mr. Sabatini rested on his arguments he submitted in *In re Decantis*, Case No. 5:22-01826-MJC (Bankr. M.D. Pa. September 30, 2025). Audio of February 11 Hearing at 11:22 A.M. The Debtors did not appear at the hearing.

[4] While the Court understands that additional work on disputing the claims and avoiding the lien on the Debtors' property created a benefit to the Debtors, the additional fees billed for the defense of the Stay Relief Motion are unwarranted. During the February 11 Hearing Applicant asserted that the Stay Relief Motion, which was later resolved by a modified plan, required approximately $1,700.00 in additional fees to defend. Audio of February 11 Hearing at 11:23 A.M. It is unclear to this Court, nor was it addressed by Counsel on the record, how a simple arrearage claim can result in, inclusive of the Motion to Modify Plan, approximately $2,401.00 in additional fees to the Debtor. Doc. 57-2. The total additional fees charged for these services are particularly noteworthy when cast against the arrearage on the underlying Stay Relief Motion of only $3,033.24. Doc. 42, p. 2.

**AND**, as Applicant knows from prior hearings, for requests for compensation, the burden of proof rests on the applicant to establish that the fees earned are reasonable and necessary. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 261 (3d Cir. 1995) (citing *In re Metro Transp. Co.*, 107 B.R. 50, 53 (E.D. Pa. 1989)); *In re Pochron*, 2022 WL 1085459, at *2 (Bankr. S.D. Ohio 2022); *In re Murray*, 2007 WL 2317523, at *2 (Bankr. E.D. Pa. 2007). "This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors or use by [the] debtor." *In re Pettibone Corp.*, 74 B.R. 293, 299 (Bankr. N.D. Ill. 1987) (citing *In re Hotel Associates, Inc.*, 15 B.R. 487, 488 (Bankr. E.D. Pa. 1981));

**AND**, based on and incorporating the Court's legal analysis in other fee decisions relating to Applicant including: *In re Badyrka*, 2022 WL 4656034 (Bankr. M.D. Pa. 2022), *In re Thomas*, 2023 WL 6885827 (Bankr. M.D. Pa. 2023), *In re Beckhorn*, Case No. 5:21-0849-MJC (Bankr. M.D. Pa. November 17, 2022), *In re Grove*, Case No. 5:20-0698-MJC (Bankr. M.D. Pa. March 31, 2023), *In re Decantis*, Case No. 5:22-01826-MJC (Bankr. M.D. Pa. September 30, 2025); *In re Johannes*, Case No. 5:20-01044-MJC, (Bankr. M.D. Pa., January 20, 2026.) and *In re Martir*, 2026 WL 1328519 (Bankr. M.D. Pa. May 12, 2026);

**AND**, this District having set a Presumptively Reasonable Fee ("PRF") for routine Chapter 13 cases of $4,500, L.B.R. 2016-2 (c), which Courts have used as a "starting point" to what should be considered a "reasonable" fee in a routine Chapter 13 case. *See In re Schuman*, 2013 WL 1195279, at *6-7 (Bankr. N.D.N.Y. 2013) (describing presumptive fee as "pre-calculated lodestar" and utilizing it as a starting point for review of lodestar fee applications); *In Re Johannes*, 2026 WL 159197;[5]

---

[5] The PRF in this District was increased to $5,000 effective for cases filed on or after October 1, 2024.

**AND**, the Court finding that it is not required to make a line by line analysis of the fee application, *see In re 388 Route 22 Readington Holdings LLC*, 2023 WL 4249266, at *3 (3d Cir. 2023); *Badyrka*, 2022 WL 4656034, at *9; *In re McKeeman v. Laughlin,* 236 B.R. 667, 672 (B.A.P. 8th Cir. 1999) ("When ... a case presents routine chapter 13 matters, the court may review the fees requested in light of fees typically charged, and may reduce the requested fee accordingly. It is not necessary for the court to find that the time spent on any given task was excessive before reducing the award.");

**AND,** accordingly, based upon my experience as a bankruptcy attorney and judgment as a judicial officer of this Court, the Court shall apply a twenty-five percent (25%) reduction to the Application. *See In re Kern*, 2021 WL 3518806, at *5 (Bankr. D. N.J. 2021) ("If a court determines some of the time claimed by a party should be excluded, it may also use a percentage deduction as a practical means of trimming fat from a fee application." (*quoting In re Nicholas*, 496 B.R. 69, 76 (Bankr. E.D.N.Y. 2011)));[6]

It is hereby **ORDERED** that the Application is **GRANTED** in part and **DENIED** in part as set forth below.

1. Compensation for professional services on the Application is **ALLOWED** in favor of the Applicant in the amount of **$6,976.00.**

2. Reimbursement of expenses is **ALLOWED** in favor of the Applicant in the amount of **$756.66.**

---

[6] This reduction still provides Applicant with a fee in excess of the PRF and what most other practitioners in this District charge in a routine consumer Chapter 13 case. As an example, the Court routinely approves fee applications in "routine" Chapter 13 cases submitted by an attorney with similar experience. *See In re Sciacca*, 4:25-bk-00795-MJC (Doc. 55). In *Sciacca*, counsel billed, at a much lower rate, a total of 17.7 hours through confirmation. This time included all pre-filing tasks *plus* services related to an original and three (3) amended Plans, response and resolution of a Motion for Relief from Stay, and a Motion for a Wage Attachment. There does not appear to be any justification for Applicant's billing over forty (40) hours for the services provided to Debtors in this routine case.

3.  Applicant may request another hearing on this matter to supplement his burden by filing an appropriate motion withing fourteen (14) days of the date hereof.

By the Court,

_____

Mark J. Conway, Bankruptcy Judge
Dated: July 16, 2026

5