# Exhibit G

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Williamsport)**

| | |
|---|---|
| IN RE:<br>FRANK S. SCIACCA, JR AKA FRANK F. SCIACCA<br>Debtor | Case No. 4:25-bk-00795-MJC |
| U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates Series 2007-AMC2,<br>Movant<br><br>vs.<br>FRANK S. SCIACCA, JR AKA FRANK F. SCIACCA<br>Respondent | Chapter 13<br><br>11 U.S.C. §362 |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates Series 2007-AMC2, and Lisa A Rynard, Esquire, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 1051 Hepburn Street, Williamsport, PA 17701, mortgage account ending with "4052".

3. The parties agree that the total post-petition arrearage consists of five (5) monthly payments for the months of June, 2025 through October, 2025 at $479.00 each, legal fees in the amount of $1,350.00, court costs in the amount of $199.00, less suspense in the amount of $42.00, resulting in the total post-petition arrearage amount of $3,902.00. The amounts listed above may not include any post-petition fees and costs previously filed with the Court pursuant to Rule 3002.1. The Secured Creditor does not waive it's right to collect these amounts.

4. Within ten (10) days from the date that this stipulation is approved by the Court, Debtor agrees to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of $3,902.00, representing all arrearages, charges, fees and other post-petition amounts due through October, 2025. The parties agree that the Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to the filed Proof of Claim for the above-stated amount.

5. The parties agree that the allowed total secured claim of Movant for pre-petition arrearages in the amount of $20,300.56 and aforementioned post-petition delinquency in the amount of $3,902.00 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 Plan is $24,202.56.

6. Debtor agrees to remain current post-petition from this day forward. Beginning November 1, 2025 in the amount of $479.00, all subsequent monthly payments and any late charges, shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be either by conduit through Debtor's Plan or by certified check or money order payable to PHH Mortgage, Attn: SBRP / P.O. Box 24781, West Palm Beach, FL 33416.

7. If Debtor provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

8. Should the Debtor fail to amend the Chapter 13 Plan within ten (10) days from the date this Stipulation is approved by the Court, or fails to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, whichever failure occurs first, the Movant may send Debtor and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, waiving FED. R. Bankr. P. 3002.1 and waiving Bankruptcy Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

9. In the event the Debtor converts this case to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, and waiving Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

10. Debtor's tendering of a check to PHH MORTGAGE CORPORATION, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

11. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12. The parties agree that a facsimile signature shall be considered an original signature.

13. The parties request that this Court sign and docket an Order approving the Stipulation.

Dated: October 29, 2025

/s/ Mario Hanyon
Mario Hanyon, Esquire
Attorney for Movant

Lisa A Rynard, Esquire
Attorney for Debtor

/s/ Agatha R. McHale
Agatha R. McHale, Esquire
For Jack N Zaharopoulos, Esquire
Chapter 13 Trustee