**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:
Kevin Ball
and
Mindy Ball

CHAPTER 13

CASE NO. 5:23-bk-01281-MJC

____ ORIGINAL PLAN
3RD AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)
0 Number of Motions to Avoid Liens
0 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | [X] Included | [ ] Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | [ ] Included | [X] Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | [ ] Included | [X] Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

**A. Plan Payments From Future Income**

1. To date, the Debtor paid $85,226.44 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $174,195.25 , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 10/2026 | 06/2028 | $4,236.61 | | $4,236.61 | $88,968.81 |
| | | | | Total Payments: | $88,968.81 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ____ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

  X  Debtor is over median income. Debtor calculates that a minimum of $197,443.03 must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $84,222.68. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

 X  No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions. Check one.**

___ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

 X  Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| Santander | 9291 | $105.10 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

 X  None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

**C. Arrears, including, but not limited to, claims secured by Debtor's principal residence.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

 X  The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below.

Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| NewRez | 155 Scott Lane, Monroe Twp., PA | $32,383.26 | See § 9 | See § 9 |

**D. Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

___ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

X The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Santander | 2016 BMW 328i XDrive | $11,382.70 | Contract rate | Full contract balance including post-petition interest and fees |
| NewRez LLC d/b/a Shellpoint Mortgage Servicing | 155 Scott Lane, Monroe Twp., PA | Per allowed claim. | Per allowed claim. | Monthly Conduit Payments |

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

X None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F. Surrender of Collateral.** *Check one.*

X None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

X None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3. PRIORITY CLAIMS.**

**A. Administrative Claims**

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

a. In addition to the retainer of ______________ already paid by the Debtor, the amount of ______________ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. $ 415.00 per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

X None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

**B. Priority Claims (including certain Domestic Support Obligations)**

Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service (Kevin - 2020) | $8,056.82 |
| Internal Revenue Service (Mindy - 2020) | $1,385.00 |
| Internal Revenue Service (2021) | $836.00 |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

X None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4. UNSECURED CLAIMS**

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

X None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** ***Check one of the following two lines.***

___ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

X The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan)

or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| Katapult | Tire Lease to Own | | | | | Assume |
| NPRTO | TV Lease to Own | | | | | Assume |

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:* See ¶ 9.

___plan confirmation.
___entry of discharge.
___closing of case.

**7. DISCHARGE: (Check one)**

( x ) The debtor will seek a discharge pursuant to § 1328(a).

( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: Pre-Confirmation Distributions listed in ¶ 2.A
Level 2: Debtor's Attorney's Fees in ¶ 3.A.(2)
Level 3: Domestic Support Obligations
Level 4: Amounts listed in ¶ 2.E, pro rata
Level 5: Amounts listed in ¶ 2.C to Santander. If a claim is filed, the allowed amount of arrears shall be paid.
Level 6: Amounts listed in ¶ 2.C to NewRez. If a claim is filed, the allowed amount of arrears shall be paid.
Level 7: Amounts listed in ¶ 4.A, pro rata
Level 8: Priority amounts of non-Level 3 allowed claims listed in ¶ 3.B, pro rata
Level 9: General unsecured claims

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: October 13, 2026

Attorney for Debtor

Debtor

Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

## 9. OTHER PLAN PROVISIONS

A. **100% Plan.** Debtors' payment will continue until creditors receive 100% of their timely filed allowed claims, plus interest at the rate of 5.12% (representing the federal 1-year rate as of June 8, 2023).

B. **Satisfaction of Liens that are Paid in Full.** Each of the following claims is secured by a judicial lien on Debtors' residence and is being paid in full through the plan. If the clerk of the court where the judgment has been entered charges a fee for satisfaction of a judgment, then the holder of the claim may include the amount of such fee as part of the amount due to the creditor as stated on the proof of claim. Within 90 days after payment of the claim, the holder of the claim shall enter satisfaction of the judgment in the office of the Prothonotary of the Wyoming County Court of Common Pleas at the following dockets:

1. Portfolio Recovery Associates, Docket 2021-00288
2. Portfolio Recovery Associates, Docket 2020-00049
3. Midland Funding LLC, 2019-08924
4. Portfolio Recovery Associates, Docket 2019-0005, and
5. World's Foremost Bank, Docket 2017-00583

C. **Vesting of Property.** Property of the estate vests in the debtor upon the entry of an order approving this plan, except for: (i) assets listed in Part 1 of Schedule A/B, which vest when the case closes and (ii) any asset that Debtor acquires post-modification and discloses on Schedule A/B, which vests upon discharge.

D. **NewRez Conduit Payments and Cure of Post-Petition Arrears.** The trustee will make regular monthly payments beginning with the payment that comes due on November 1, 2026. Within 30 days of the entry of an order approving this amended Plan, New Rez shall file a proof claim that states both:

1. The pre-petition arrears, without adjusting that calculation for payments towards the pre-petition arrears that NewRez has already received from the trustee as of the filing of the claim. The trustee shall pay the allowed amount of those arrears pursuant to § 2.C.
2. The post-petition arrears that remained outstanding as of October 31, 2026 at 11:59 P.M. Pursuant to § 2.C, the trustee shall pay the allowed amount of those arrears. The amounts paid by the trustee pursuant to this § 9.D.2 shall be in addition to all amounts paid by the trustee towards post-petition arrears for payments that NewRez had posted as of October 31, 2026 at 11:59 P.M.

E. **Santander.** Pursuant to an agreement between Debtors, Santander, and the Chapter 13 trustee, if Santander receives from the trustee any amount beyond what it is contractually due, then Santander shall return such amount to the trustee within 30 days of receipt. After receipt of any such returned funds, the trustee shall make no further distribution to Santander.