**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 13** |
| | : | |
| **Kevin L. Ball,** | : | **Case No. 5:23-bk-01281-MJC** |
| **Mindy Sue Ball,** | : | |
| | : | |
| **Debtors.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER DENYING MOTION FOR ADDITIONAL HEARING

**AND NOW WHEREAS**, upon consideration of Debtor's Motion for Additional Hearing, Doc. 64 ("Motion"), and the Brief in Support of the Motion, Doc. 70 ("Brief"), and the Declaration of Carlo Sabatini in Support of Application for Compensation and Reimbursement of Expenses, Doc. 71 ("Declaration"), and a hearing having been held on September 3, 2026 the Court finds;

1. Debtor filed the instant bankruptcy case on June 11, 2023. Doc. 1.

2. Debtor's Chapter 13 Plan was confirmed on September 21, 2023. Doc. 35.

3. On April 24, 2024 Debtor filed a second Motion to Modify the Confirmed Plan with a Second Amended Plan ("Second Motion to Modify Plan"). Doc. 51.

4. The Motion to Modify Confirmed Plan proposed to resolve both an outstanding mortgage arrears issue and a Stay Relief Motion. *Id*.

5. The Second Motion to Modify Plan was granted on June 3, 2024. Doc. 52.

6. Counsel for the Debtor, Carlo Sabatini, filed an Application for Compensation and Expenses on January 10, 2025 ("Application"). Doc. 57.

7. The Chapter 13 Trustee objected to the Application on January 31, 2025 ("Objection"). Doc. 58.

8. Counsel for the Debtor and the Chapter 13 Trustee resolved the Trustee's Objection and submitted a Stipulation Resolving Objection to Application for Compensation and Expenses on February 4, 2025 ("Stipulation").[1] Doc. 60.

9. A hearing was held on the Application, Objection, and Stipulation on February 11, 2025 and the matter was taken under advisement. Doc. 62.

10. An Order Granting the Application in Part and Denying the Application in Part was entered on July 16, 2026 ("Compensation Order"). Doc. 63. After an exhaustive review of the case docket and Counsel's invoice this Court reduced Counsel's fees by an additional nine (9) percent for a total reduction of twenty-five (25) percent. *Id*.

11. The Court also provided Counsel with the opportunity to request an additional hearing so long as the request was made within fourteen (14) days of the Compensation Order.

12. Counsel timely filed this Motion on July 29, 2026. Doc. 64.

13. In the Motion, counsel requests an additional hearing and "respectfully suggests that the hearing should not be scheduled until *In re DeCantis*, 3:25-cv-01927-KM ("District Court Case") becomes final as to appeal." Doc. 64.[2] In *DeCantis*, the Court reduced Counsel's fees and he appealed that Order. District Court Case, Doc. 1. Counsel suggested that because he rested on his arguments in *DeCantis* that guidance from the District Court would be relevant to any decision this Court makes in the matter herein. Doc. 64.

---

[1] The Stipulation provided for an approximate 16% reduction in Counsel's fees of $1,501.25.

[2] In *DeCantis* Counsel argued before the District Court that a fee reduction by a particular percentage amount is an "arbitrary and indiscriminate" abuse of the Court's discretion. District Court, Doc. 13, p. 15. Counsel argued that a reduction that does not specifically state which work is being compensated versus which work is not compensable and "this silence is an abuse of discretion." *Id*. at p. 16. Judge Mehalchick gave careful consideration to the issues presented and found that this Court reviewed the *DeCantis* fee application and acted within its discretion in reducing the fees by a percentage rather than conducting a line-by-line analysis. District Court Case Doc. 16, p. 7, 10-11. Accordingly, Judge Mehalchick affirmed the Order of this Court. District Court Case, Doc. 17.

14. An Order setting a hearing for September 3, 2026 was entered by this Court on August 3, 2026. Doc. 66.

15. Counsel filed his Brief and Declaration on August 31, 2026. Doc. 70, 71. In the Brief Counsel argues that nearly half the hours billed were billed at staff rates, as previously urged by this Court, the Application was previously discounted, and that the twenty-five percent (25%) reduction requires explanation by this Court. Doc. 70.

16. A hearing was held on September 3, 2026. At the hearing Counsel rested on his submissions to the Court and this matter was taken under advisement. Audio of September 3 Hearing at 2:47 P.M.

17. On September 16, 2026 Judge Karoline Mehalchick of the United States District Court for the Middle District of Pennsylvania affirmed the decision of this Court in *DeCantis* in a Memorandum Opinion and Order ("District Court Order"). *See* District Court Case, Doc. 16,17.

18. In the Memorandum Opinion by Judge Mehalchick, the District Court found that this Court has not abused its discretion in determining the fee award was unreasonable and that this Court had not abused its discretion by reducing the fee by a fixed percentage versus a line-by-line analysis. District Court Case, Doc. 16.

19. Judge Mehalchick found, *inter alia*:

> Courts in the Third Circuit have found that it is not an abuse of a bankruptcy judge's discretion for the judge to reduce requested fees by a set percentage if the judge finds that a requested fee is unreasonably high. *See In re 388 Route 22 Readington Holdings LLC*, 2023 WL 4249266, at *3 ("it is within a bankruptcy court's discretion to reduce fees by a percentage"); *see also In re Kern*, 2021 WL 3518806, at *5 (reducing fees by a set percentage); *see also In re DeMarco*, No. BR 14-28245, 2016 WL 899915, at *6 (Bankr. D.N.J. Feb. 9, 2016). Judge Conway's decision to reduce fees by forty percent is a reasonable use of his discretion considering that he found that Counsel was unable to explain certain time entries

> including time entries showing Counsel spent around twenty-six hours on relatively simple data entry. (citations omitted).

*In Re DeCantis*, 3:25-cv-01927-KM, Doc. 16, p. 11.

20. Counsel's premise for an additional hearing, and specifically delay in an additional hearing, was premised on his reliance on the arguments previously raised in the *DeCantis* case that were subject to a pending appeal at the time of the filing of this Motion.

21. This Court has carefully reviewed the District Court Order and has determined that no further hearing is necessary. The Court thoroughly reviewed and analyzed the facts relating to Counsel's Fee Application in its Compensation Order and, accordingly, it is hereby

**ORDERED** that the Motion is **DENIED**.

By the Court,

Mark J. Conway, Bankruptcy Judge
Dated: November 2, 2026